# EXHIBIT A

NO. 18 CI 05850                                    JEFFERSON CIRCUIT COURT
                                                   DIVISION _____

SHERI COLLINS                          )           PLAINTIFF
                                       )
                                       )
                                       )
v.                                     )
                                       )
                        COMPLAINT      )           FILED IN CLERK'S OFFICE
                                       )           DAVID L. NICHOLSON, CLERK
                                       )
                                       )           OCT 0 5 2018
                                       )
                                       )           BY _____ DEPUTY CLERK

Emerson US and World Headquarters

Emerson Electric Co.                   )
8000 West Florissant Avenue, P.O. Box 4100 )
St. Louis MO 63136                     )
United States                          )
                                       )
                                       )
SERVE:                                 )
SECRETARY OF STATE                     )
700 CAPITOL AVE                        )
SUITE 152                              )
STATE CAPITOL                          )
FRANKFORT KY 40601                     )
                                       )

                    ***        ***        ***

        Comes the Plaintiff, SHERI COLLINS, by counsel, and for her cause of action against Defendant states as follows:

**PARTIES AND VENUE**

1. Plaintiff is a resident of Louisville, Jefferson County, Kentucky.
2. Defendant, Emerson Electric Co. (hereinafter "carrier" or "Defendant" or "Unum") is a corporation doing business in the Commonwealth of Kentucky.
3. This is an action brought by a participant to recover long term disability benefits ("LTD" respectively) due to her under the terms of an insurance plan governed by §502(e) of the Employment

Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1132(e), which is more specifically, a contract for disability insurance benefits.

3. This Court has jurisdiction pursuant to §502(e) of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1132(e).

## FACTS

4. Plaintiff was a full-time employee of a qualified employer ("Emerson") for a sufficient time period so as to be eligible for coverage under the terms of an insurance contract Claim # 13387837, Policy #225669.

5. As a full time employee, Plaintiff was eligible for, and was participating in the short and long-term disability plan (hereinafter referred "STD", "LTD", "plan") offered by employer.

6. At all times relevant to this Complaint, the STD Plan was administered by Unum Provident and at all relevant times Defendant Emerson was the party responsible for paying benefits and thus took the role "plan administrator".

7. Plaintiff applied for, and was granted, STD benefits by Unum. Subsequently, and for reasons that are medically mysterious, Unum reversed its decision and choose to terminate STD benefits. It beyond cavil that Plaintiff's condition did not improve or was cured in that time span.

8. Plaintiff then filed her original action in Jefferson Circuit Court 17-CI-005157 against Unum. Unum removed the action the United States District Court case #17-cv-0635 That case was dismissed as Unum argued it was not the real party in interest. At no time before the 17-CI-005157 was filed was Plaintiff advised Emerson was the real party in interest.

9. Unum's in house medical review personnel performed by the Defendant's "hired medical reviewer(s)", practitioner(s) of unknown qualifications, erroneously concluded that the Plaintiff was able to perform her own occupation. This was well stated to defendant in the Administrative review. Thusly, Defendant Unum fails to offer a rational basis as to why it does not concur with opinions regarding restrictions and limitations consistent with Plaintiff's treating physicians

10. Defendant specifically ignored the opinion of Plaintiff's treating physicians who opine the Plaintiff could not even perform sedentary work.

11. Unum refused to consider all of the Plaintiff's medical ailments and combined effect on her body as a whole to terminate benefits. Said action is in violation of Sixth Circuit jurisprudence.

12. Unum's refusal to consider Plaintiff's combination of medical impairments, and the effect each has on the other, is error. The Claimant is entitled to have the combination of all impairments considered under the Plan. The Defendant so callously ignored substantive medical proof that it cannot

now enjoy the, so-called, arbitrary and capricious standard of review despite plan language to the contrary, and the medical history should be reviewed *de novo.*

13. Any physician who has personally treated the Plaintiff has never questioned the permanency and totality of Plaintiff's inability to perform her own occupation.

14. Defendant Unum's conclusions that Plaintiff is not totally disabled under tis plan was arbitrary and capricious, based on faulty data, flies in the face of the longitudinal medical evidence from the treating sources, and was executed in violation of relevant provisions of the plan.

15. At all relevant times Unum was acting under a conflict of interest as it was the entity which determined if the Plaintiff was disabled and the entity which is responsible for payment of STD and LTD wage replacement benefits. Accordingly, the Plaintiff is entitled to discovery over and above that which is customarily permitted in cases litigated under the ERISA statute. Furthermore, Unum's decision to terminate benefits in STD phase was nothing more than an artifice to frustrate Plaintiff's claim to LTD benefits. Upon information and belief the plan allows now administrative remedy from LTD if STD is not exhausted. Accordingly, Plaintiff seeks both LTD and STD remedies in this action as any further administrative review of this case would be negated by the doctrine of futility.

16. In accordance with the terms of the plan, the Plaintiff intends to file for Security Disability benefits ("SSDI") from the Social Security Administration ("SSA").

17. Defendant cannot ignore the finding of SSA without adequate explanation in its decision even though the decision is outside the formation of the administrative record. *Whitaker v. Hartford Life and Accident Co.* 404 F.3d 947 (6th Cir. 2005).

18. Due to Defendant's actions Plaintiff is entitled to discovery exceeding standard ERISA protocol.

## COUNT 1
### DENIAL IS IN VIOLATION OF ERISA STATUTE

19. Pursuant to the ERISA statute Plaintiff is entitled to long-term disability benefits under the Plan.

20. Defendant has wrongfully denied Plaintiff LTD benefits and has breached the terms of the Plan under the dictates of the ERISA statute.

21. Defendant's decision to deny Plaintiffs benefits and their claim handling have been arbitrary and capricious and is not supported by substantial evidence, and is tantamount to a breach of contract, violating Plaintiff's expectations pursuant to the terms of the contract of insurance.

WHEREFORE the Plaintiff prays for the following:

1. For payment of disability benefits due to her, calculated from the date benefits were ceased until the present, with interest to the extent permitted by law;

2. For an Order compelling Defendant to continue all disability benefits from the present forward in time until such time as the terms of Defendant's contract of insurance permits a reinvestigation of Plaintiff's continued medical eligibility under the Plan;

3. For attorney's fees and expenses that Plaintiff has incurred for enforcing her contractual rights as well as her ERISA rights;

4. For any and all equitable relief Plaintiff is entitled to under common law contract theory, tort, or under ERISA, including Defendants' assistance in remedying any damage their termination of benefits has caused respecting Plaintiff's credit history;

5. For her costs expended herein;

6. For any and all relief to which Plaintiff may be entitled under any legal claim, whether it be pursuant to a contract claim, state based statutory claims, federal ERISA based claims, or other claims that may arise once discovery is complete.

Respectfully submitted,

_____
ROBERT A. FLORIO
1500 Story Ave
Louisville, KY 40206
Counsel for Plaintiff
502-587-0228